IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON WALTER ANDRADE, | No. 2:13-CV-0611-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 17) and defendant's opposition thereto (Doc. 21).

/ / /

/ / /

/ / /

1

# I.  PROCEDURAL HISTORY

Plaintiff applied for social security benefits on January 6, 2009.  In the application, plaintiff claims that disability began on September 30, 2007.  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on September 20, 2011, before Administrative Law Judge ("ALJ") Carol A. Eckersen.  In a November 18, 2011, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): attention deficit hyperactivity disorder (ADHD), inattentive type, and mood disorder;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform the full range of work at all exertional levels, except plaintiff is limited to work involving simple, repetitive tasks in a non-public setting with only occasional interaction with co-workers and/or supervisors; and

4. The claimant is capable of performing his past relevant work as a material handler and construction worker.

After the Appeals Council declined review on January 25, 2013, this appeal followed.

# II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's

decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III.  DISCUSSION

In his motion for summary judgment, plaintiff argues: (1) the ALJ failed to accord appropriate weight to the opinion of treating psychiatrist Dr. Long; and (2) the ALJ failed to provide sufficient rationale for rejecting limitations cited by consultative examiner Dr. West.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional.  See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given to the opinion of a non-examining professional.  See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether:  (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and

1  convincing" reasons supported by substantial evidence in the record.  See Lester, 81 F.3d at 831.
2  While a treating professional's opinion generally is accorded superior weight, if it is contradicted
3  by an examining professional's opinion which is supported by different independent clinical
4  findings, the Commissioner may resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035,
5  1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be
6  rejected only for "specific and legitimate" reasons supported by substantial evidence.  See Lester,
7  81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough summary of
8  the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a
9  finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent specific and
10 legitimate reasons, the Commissioner must defer to the opinion of a treating or examining
11 professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining professional,
12 without other evidence, is insufficient to reject the opinion of a treating or examining
13 professional.  See id. at 831.  In any event, the Commissioner need not give weight to any
14 conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111,
15 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion);
16 see also Magallanes, 881 F.2d at 751.

     **A.**     **Dr. Long**

As to Dr. Long, the ALJ stated:

> . . .The claimant's treating psychiatrist, Dr. Long, provided a medical source statement (Exh. 23F).  I give Dr. Long's opinion lesser weight, as the limitations he suggests are more restrictive than claimant's current level of function.  Further, Dr. Long's observations from his treatment records and his opinion are considered, but his conclusions exceed what is supported by the medical evidence of record and the claimant's own testimony.

Plaintiff argues:

> Notably, in discrediting the opinion of treating psychiatrist Dr. Long, the ALJ does not elaborate how Dr. Long's opinion is "more restrictive than claimant's current level of function" or exceeds "what is supported by the medical evidence of record and claimant's own testimony."  These are vague boilerplate statements which are not definite

enough to constitute a "specific" and "legitimate" rationale to discredit Dr. Long.  The ALJ is required to discuss with specificity "why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." SSR 96-8p.  This duty is not satisfied by a blanket declaration stating that the limitations are inconsistent with the medical evidence, rather the ALJ make "a detailed and thorough summary of the facts and conflicting clinical evidence stating [her] interpretation thereof." (Citation omitted). In her discussion of the weight given to Dr. Long's opinion, the ALJ never provided "specific" examples (e.g., references to a specific treatment record, or to specific statements made at the hearing) of where the "medical evidence of record and claimant's own testimony" inadequately supports Dr. Long's opinion.

Plaintiff states that Dr. Long's opinion, if properly credited, would have supported a finding that he has listing-level impairments and adds: "As the ALJ failed to credit the opinion of Dr. Long, the ALJ erred at step 3 of the sequential evaluation process in determining that the claimant's mental impairment did not meet any listed impairment. . . ."

Plaintiff's argument is unpersuasive.  As indicated above, the ALJ's analysis is proper if she sets out a detailed and thorough summary of the facts, states her interpretation, and makes a finding.  This is exactly what the ALJ did here.  The facts are summarized and set forth throughout the ALJ's hearing decision.  The ALJ stated her interpretation of the facts, specifically that the doctor's opined restrictions exceed plaintiff's level of functioning, as shown by other medical evidence and plaintiff's own testimony.  For example, Dr. Long opined that plaintiff was moderately limited in his activities of daily living and markedly limited in his ability to maintain concentration, persistence, and pace.  Yet, as the ALJ noted:

> Despite his alleged limitations, the claimant reported he helps with the cooking, cleaning, laundry, and care of the children, even caring for his young children on his own when his wife is away at school in the evenings, helps grocery shop, has no problems with his personal care, reads email on the computer, plays video games, walks outside for exercise, takes children to and picks them up from school, and helps his children with their homework (Exh. 4E).

Finally, consistent with the proper analysis, the ALJ made a finding, specifically that she gave Dr. Long's opinion lesser weight.

///

   B.   **Dr. West**

As to Dr. West, the ALJ stated:

A consultative psychological evaluation of the claimant was conducted by Dr. West in May 2009. Dr. West observed that the claimant was able to stay seated during the interview, had normal speech tone and rate, and unimpaired articulation with adequate stream of conversation. It was noted that the claimant was able to fully attend to the questions directed towards him during the interview, appeared oriented to person, time, and place, did not require reminders to stay on task, and appeared to have unimpaired concentration and memory. Dr. West stated that the claimant gave the impression that he had no difficulty interacting with the examiner, but reported he is a little nervous around others whom he is not familiar and is easily irritated with others, although he admitted his irritability has gotten better due to his medication. Dr. West noted that the information obtained from the claimant regarding interpersonal relationships indicated that his ability to relate to others is mildly impaired. Dr. West diagnosed the claimant with ADHD, predominately inattentive type, per history, and mood disorder. Dr. West opined that the claimant could do simple repetitive tasks, but is likely to have difficulty interacting with others in a work related environment and likely to require special or close supervision to assist him in interacting with others appropriately. I give substantial weight to Dr. West's opinion, as he performed a complete evaluation and testing of the claimant and his findings are consistent with the claimant's reported level of functioning and medical evidence of record.

Plaintiff argues:

   Dr. West determined plaintiff was "likely to have difficulty interacting with others in a work related environment," "likely to require special or close supervision to assist him in interacting with others appropriately," "could display behaviors of anger (i.e., punching things, kicking things)," and "inattentiveness could compromise his focus and concentration." [TR 905]. The ALJ determined that plaintiff had the following mental residual functional capacity: "limited to work involving simple, repetitive tasks in a non-public setting with only occasional interaction with co-workers and/or supervisors." [TR 28]. Therefore, the ALJ rejected Dr. West's conclusions that plaintiff may require special or close supervision, could display behaviors of anger in the workplace, and may have compromised focus and concentration. The ALJ makes no mention whatsoever regarding why such limitations were not included in the residual functional capacity assessment.
   . . .Given that the ALJ said Dr. West's opinion was accepted as consistent with the evidence, rejection of the additional limitations required "specific and legitimate reasons," which were not provided, constituting legal error.

/ / /

As defendant observes, the ALJ properly accounts for limitations in pace and other mental functions by including a restriction to simple tasks.  See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008).  Here, the ALJ limited plaintiff to simple repetitive tasks with no public contact and only occasional interaction with co-workers and supervisors.  These limitations to plaintiff's residual functional capacity adequately account for Dr. West's opinion that plaintiff would have difficulty interacting with others, could display anger, and could lack focus and concentration.

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's motion for summary judgment (Doc. 17) is denied; and

    2.    The Clerk of the Court is directed to enter judgment and close this file.

DATED:  September 29, 2014

                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE